IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VITO A. HOEHN, | ) | |
| Plaintiff, | ) | Civil Case No. 7:22-cv-00195 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SHANNON FULLER, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Vito A. Hoehn, a Virginia inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming the assistant warden at his prison, Red Onion State Prison ("Red Onion"), two individuals involved with food service at Red Onion, the statewide dietician for the Virginia Department of Corrections, and the regional administrator who responded to his grievance appeals. All of his claims stem from his allegation that his constitutional rights were violated when he was "deprived of [his] full nutritional daily intake" of food when he was repeatedly served a package marked "32 grams" of peanut butter at meals, which is approximately 1.13 ounces of peanut butter, instead of 2 ounces, which is what he should have been receiving.[1] (Compl. 3, Dkt. No. 1.) He also claims that refusing to serve him the 2 ounces of peanut butter, unlike "other inmates across the state," violated his "First and Fourteenth Amendment rights for equal protection." (*Id.* at 4.)

When Hoehn filed a grievance about this issue, part of the response to that grievance included an email exchange between VDOC's statewide dietician and the Red Onion's food director, and a portion of that email was redacted. (Compl. 3–4 & Ex. D, Dkt. No. 1-1, at 5.) Hoehn seizes on the redaction to argue that the redacted portion must have been favorable to his

---

[1] Hoehn's complaint states that 32 grams is 1.4 ounces, but it is actually 1.13.

grievance and that the redaction itself is a "denial of full disclosure" and allowed the facility personnel to "deceive" him without feeding him his "full daily nutritional intake." (Compl. 4.)

This matter is before the court for review pursuant to 28 U.S.C. § 1915A(a). Upon review, the court concludes that the complaint fails to state a claim for which relief can be granted. Accordingly, it will be dismissed.

## I. DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As noted, Hoehn asserts claims under the First, Eighth, and Fourteenth Amendments, but are all based on his assertion that he is being served an inadequate amount of peanut butter in his meals, which is properly analyzed as an Eighth Amendment conditions-of-confinement claim.[2]

---

[2] Hoehn's allegations fall far short of stating an equal protection claim. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (explaining that to succeed on an equal protection claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination")

2

His allegations, however, fail to state a constitutional violation.[3]

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The Fourth Circuit has recognized that "allegations of inadequate food for human nutritional needs" can be "sufficient to state a cognizable constitutional claim, . . . so long as the deprivation is serious and the defendant is deliberately indifferent to the need." *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009) (citations omitted). But it is not sufficient to say in conclusory fashion, as Hoehn has, that the food given was "nutritionally inadequate." Instead, to state an Eighth Amendment claim an inmate must allege that "he lost weight or suffered other adverse physical effects." *Id.* (citing *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)). In other words, he must plead facts sufficient to show that the deprivation was sufficiently serious under the objective prong of the *Farmer* inquiry.

Hoehn has not offered any specifics here, nor has he alleged that he has lost weight or

---

[3] Claims arising from the violation of grievance procedures—which would include Hoehn's claim regarding the allegedly improper redaction—or from a defendant's response to a grievance, generally do not state a constitutional claim. This is so because "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Oliver v. Gray*, No. 7:09-CV-00004, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009), *aff'd*, 360 F. App'x 417 (4th Cir. 2010) ("Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."); *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-33, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal.").

otherwise suffered, physically or emotionally. He simply believes he is receiving less than the two ounces of peanut butter to which he believes he is entitled.

Cases where courts have found a plaintiff adequately alleged a similar type of claim involved much more severe restrictions and significant allegations of ill effects from the lack of food. *See, e.g.*, *King*, 358 F. App'x at 460 (holding prisoner stated a cause of action where he alleged that: (1) meals served consisted of less than two teaspoons of vegetables, "even less" eggs, and meat usually less than two ounces, and that most meals would not add up to six ounces total; (2) the prison restricted access to food as a punishment; and (3) he suffered physically because of his hunger and mentally could not focus because he was worrying about food or the lack thereof).

Hoehn's allegations, by contrast, are as limited (or even more limited) than cases where courts have dismissed similar claims. *See, e.g.*, *Washington v. McAuliffe*, No. 7:16-CV-00476, 2019 WL 1371859, at *7 (W.D. Va. Mar. 26, 2019) (granting summary judgment for defendants where plaintiff had not alleged that he had "lost weight or suffered any other sign of malnutrition"); *McCoy v. Ebron*, No. 3:11cv730, 2013 WL 709123, at *4 (E.D. Va. Feb. 26, 2013) (finding prisoner's claim of an inadequate diet was subject to dismissal where he simply said he was "hungry" because he was having to eat around spicy foods and citing to other cases where claims failed in the absence of allegations of specific harm). *See also Pitsenbarger v. Hutcheson*, No. 7:13-CV-00206, 2013 WL 2181270, at *3 (W.D. Va. May 20, 2013) ("Plaintiffs' bare allegations of being 'hungry' fail to establish the requisite level of seriousness for an Eighth Amendment claim."). Like the plaintiffs in *Washington*, *Pitsenbarger*, and *McCoy*, Hoehn has failed to state a "serious" deprivation rising to the level of an Eighth Amendment violation. Accordingly, his complaint fails to state a claim for which relief can be granted.

## II. CONCLUSION

For the foregoing reasons, Hoehn's case will be dismissed. An appropriate order will be entered.

Entered: June 29, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge